IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| U.S. Equal Employment Opportunity Commission, *et al.* | : | Case No. C-1-04-677 |
| | : | |
| Plaintiffs | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER DENYING |
| | : | DEFENDANT'S MOTION TO |
| SHUK, Inc. | : | DISMISS |
| | : | |
| Defendant | : | |

    This matter comes before the Court on Defendant Shuk Inc. (Shuk)'s Motion to Dismiss (doc. # 4).  On September 30, 2004, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a complaint against Shuk, d/b/a/ Batavia Buffalo Wings and Rings ("Batavia Wings"), under 42 U.S.C. § 2000e, et seq., pursuant to Intervenor Plaintiff Christina Williams' charge with the EEOC.  Plaintiffs' complaint alleges that from at least August of 2002 until April of 2003, while Williams was employed by Shuk, Williams was subjected to sexual harassment causing a hostile work environment and her subsequent constructive discharge.  On October, 28, 2004, Shuk filed a motion to dismiss under Federal Rule of Civil Procedure 12(b), arguing that because Shuk does not qualify as an employer under 42 U.S.C. § 2000e(b), this Court lacks subject matter jurisdiction over the action.  For the reasons that follow, the Court **DENIES** Shuk's Motion to Dismiss (doc. # 4).

**I.     JURISDICTIONAL QUESTION AND BACKGROUND**

Shuk is correct that if it does not meet the definition of an employer under 42 U.S.C. § 2000e(b), then this Court would not have jurisdiction over this case. See Armbruster v. Quinn, 711 F. 2d 1332, 1335 (6th Cir. 1983) (reviewing dismissal of claim for failure to satisfy Title VII's jurisdictional requirement of fifteen employees). Shuk's motion is a factual challenge to this Court's subject matter jurisdiction (as opposed to a facial attack regarding the sufficiency of the pleadings). See Ohio Nat'l Life Ins. Co. v. United States, 922 F. 2d 320, 325 (6th Cir. 1990) (citations omitted). In considering such a motion, this Court has "wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." See id. Thus, at Plaintiffs' request, the Court stayed its consideration of the motion to dismiss to permit Plaintiffs to conduct limited discovery regarding the number of persons Shuk employed while Williams worked for Shuk and both parties have submitted evidence to the Court. (See doc. #12.) Since such discovery is complete, the Court will now consider Shuk's motion.

**II.     LEGAL STANDARD**

Because the parties have submitted evidence beyond the pleadings, the motion is properly characterized as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(b); see also Armbruster, 711 F. 2d at 1335 (where court considers affidavits and other discovery with motion to dismiss for lack of jurisdiction, motion properly considered under summary judgment standard).[1] Summary judgment is appropriate if no

---

[1] Ordinarily, a motion to dismiss for lack of subject matter jurisdiction cannot be converted into a motion for summary judgment. See Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 978 (10th Cir. 2003). However, the motion may be so converted where, as here, subject matter jurisdiction is set out in the same statute that provides the substantive claim in the case. See id. (district court properly considered motion to dismiss for lack of subject matter

genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that permissibly can be drawn therefrom, must be read in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The task of the Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

### III. ANALYSIS

Section 2000e(b) defines an employer as having "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." While the question of whether a person qualifies as an employee can most readily be answered by looking at the putative employer's payroll list, the appearance of a person on the payroll is not determinative; the ultimate question is whether an employment relationship exists. See Walters v. Metro. Educ. Enters., Inc. 519 U.S. 202, 211-12 (1997). In determining when an employment relationship exists "all one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He is counted as an employee for each working day after arrival and before departure for a given year." Id. at 211.

The parties have conducted limited discovery regarding the issue of whether Shuk

---

jurisdiction supported by evidence beyond pleadings as a motion for summary judgment); see also Clark v. Tarrant County, 798 F.2d 736, 742 (5th Cir. 1986) (jurisdictional claim and merits intertwined in determining whether defendant is an employer under Title VII).

qualifies as an employer under section 2000e(b) and submitted additional briefing to the Court. The following evidence is now before the Court. The Court has an affidavit from Haydar David (see doc. # 5, Ex. 1), a partial owner of Shuk and manager of Batavia Wings, attesting that Shuk has never had fifteen or more employees at one time (see id., Ex. A). The Court also has Shuk's quarterly Ohio Employer's Contribution Reports ("Contribution Reports") from July 31, 2002 to October 31, 2004 (see id., Ex. 1-10), none of which lists fifteen or more "covered workers" for that time. (See id.)

Also before the Court is a letter dated April 23, 2004 from David's counsel to the EEOC. (See doc. #13, Ex. 2.) David's counsel attached a list to the letter, which he described as a list provided by Paycor, Shuk's bookkeeper, of all people "Shuk hired or discharged since July 1, 2002" ("hired and fired list"). The list includes information for 13 people. However, during David's deposition, counsel for the EEOC showed David a copy of Shuk's hired and fired list and David testified that the list would include only the employees that David told the Paycor representative to add to the list, and that he maintained no other employment records. (See doc. #14, Ex. 1. at 33-34, 38-40). David implied that the list included all of the people who had worked for him during the relevant time period. (See id. at 34-35.)

However, Williams' counsel also showed David payroll lists[2] that purport to show the names of all employees who worked for Batavia Wings in 2002 and 2003. Williams' counsel inquired about some people whom Williams had identified as co-workers that were not on the payroll list. (See id. at 52-55.) David admitted that some of those people worked for Shuk but did not appear on the payroll list. (See id.) In addition, Williams has attested that she reviewed

---

[2]The Paycor payroll lists were marked as Plaintiffs' Exhibits 3 and 4 at David's deposition, and David identified them.

the Paycor payroll lists and she is aware of employees at Batavia Wings who were paid under the table and whose names do not appear on the payroll list.  (See doc. #13, Ex. 1. ¶¶ 14, 15.) Williams also attested that for some time after she was hired at Batavia Wings, David paid her under the table, although she insisted she be and eventually was added to the payroll. (See id. ¶¶ 11-12.)  Williams attests that the list thus understates the time that she herself worked at Batavia Wings because David added her to the payroll some weeks after she started, and removed her from the list some time before she actually stopped working.  (Id.)

The evidence submitted thus far indicates that despite its payroll records, Shuk may indeed have had more than fifteen employees at some time while Williams was employed there. The Court notes, however, that it is not yet clear from the evidence whether Shuk had "fifteen or more employees for each working day in each of twenty or more calendar weeks," such that Shuk qualifies as an employer under 42 U.S.C. § 2000e(b).  Nevertheless, Plaintiffs have shown that there is a disputed issue of material fact regarding Shuk's status as an employer that precludes granting Shuk's converted motion to dismiss.

**IV.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** Shuk's Motion to Dismiss (doc. # 4).

IT IS SO ORDERED.

                                                                       s/Susan J. Dlott

                                                                       Susan J. Dlott
                                                                       United States District Judge